UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORA JANE SANDERS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:20-cv-861

Hon. Hala Y. Jarbou

## **ORDER**

This is an action for review of the Commissioner of Social Security's denial of Plaintiff's claim for disability insurance benefits. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 23) recommending that the Court affirm the Commissioner's decision. Before the Court is Plaintiff's objection to the R&R (ECF No. 24). For the reasons herein, the Court will deny the objection and adopt the R&R.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Furthermore, as the magistrate judge recognized, this Court's review of the Commissioner's decision "is limited to determining whether the Commissioner applied the proper

legal standards and whether there exists in the record substantial evidence supporting that decision." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019).

Plaintiff objects to the magistrate judge's finding that the administrative law judge's (ALJ) determination that Plaintiff's past relevant work ("PRW") with Central Michigan Home Builders ("CMHB") was not a composite job is supported by substantial evidence. Plaintiff's objection reiterates her arguments that the ALJ erred in ignoring Plaintiff and the vocational expert's testimonies, and presents a new argument that the ALJ neglected to ask about the driving requirements of Plaintiff's work at CMHB.

First, the Court agrees with the magistrate judge that Plaintiff's contention regarding proper classification of her PRW is without merit. The ALJ did not ignore Plaintiff's testimony about her past relevant work. In making the determination that Plaintiff's past relevant work is not composite work, the ALJ took into consideration Plaintiff's testimony that the frequency of her deliveries was "[o]nce a week, sometimes not at all, sometimes three times in a week. It depended on the project." (ECF No. 14-2, PageID.80.) Based on this testimony, it was reasonable for the ALJ to characterize her work as "carrying boxes of paper about once a month and making deliveries to job sites about once a week on average" and to conclude that the duties were not frequent enough to be considered significant or main elements of her job. *See Taylor v. Berryhill*, No. 17-11444, 2018 WL 3887521, at *8 (E.D. Mich. July 5, 2018), *report and recommendation adopted*, 2018 WL 3870066 (E.D. Mich. Aug. 15, 2018) ("Courts have found that 'a plaintiff may be considered to have performed a composite job' where 'the main duties of past relevant work can only be described by considering multiple DOT occupations.'").

Second, the magistrate did not err in finding that the ALJ did not ignore the vocational expert classification of Plaintiff's PRW because the vocational expert did not make a determination

2

that Plaintiff's PRW as an administrative assistant was a composite job. The vocational expert listed the job title merchandise deliverer to encompass Plaintiff's delivery duties, but also needed clarification on the frequency of those duties. (*See id.*, PageID.81.) Whether Plaintiff performed delivery duties often enough for those duties to be considered substantial and render her job a composite job is a determination that the ALJ made, taking into consideration Plaintiff's testimony and the vocational expert's classification, as discussed above.

Third, Plaintiff objects that the magistrate judge overlooked the ALJ's failure to inquire about the driving aspect of Plaintiff's merchandise delivery duties. This is not an argument that was presented before the magistrate judge. *See, e.g., Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Court have held that . . . absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Plaintiff provides no compelling reason to raise new arguments at this stage. Even had Plaintiff brought this argument before the magistrate judge, the result would still be the same. The ALJ determined that Plaintiff did not perform delivery duties often enough to render her administrative assistant job composite work. The fact that she would sometimes drive up to 30-40 miles per week does not change the analysis or the frequency of her deliveries. (*See* ECF No. 14-2, PageID.78.)

Plaintiff argues that the ALJ's failure to inquire about how the driving aspects of the CMHB job would impact the classification of the job is error by pointing to SSR 83-10 to show that driving can constitute medium work. However, as Plaintiff includes in a footnote, the examples of "driver" jobs included in SSR 83-10 are taxi driver, bus driver, and tank truck driver. (Pl.'s Obj. to R&R, ECF No. 24, PageID.465 n.3 (citing SSR 83-10, 1983 WL 31251 (Jan. 1, 1983)).) Even if the ALJ did err in failing to ask the vocational expert about driving, Plaintiff's

3

driving responsibilities could not change the classification to medium work because driving up to 30-40 miles once a week cannot equate to the driving responsibilities of a taxi driver, bus driver, or tank truck driver, and Plaintiff does not argue otherwise.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection to the R&R (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 23) is **APPROVED** and **ADOPTED** as the opinion of the Court.

A judgment will enter consistent with this Order.

Date:   March 2, 2022                             /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE